NO. 07-09-0234-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 6, 2010

_____

THE STATE OF TEXAS, APPELLANT

V.

CHRIS ALLEN McLAIN, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18002-0904; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

Appellee's business and residence were searched pursuant to a search warrant, issued by a magistrate, based upon an affidavit which the trial court found lacked a substantial basis for concluding that a search of the described premises would uncover evidence of wrongdoing *at the time* the warrant was issued. Examining the four corners

of the affidavit, the trial court found that the affidavit lacked any specificity regarding *when* the matters referenced occurred because the only temporal statement concerning evidence to be seized was as follows:

> In the past 72 hours, a confidential informant advised the Affiant that Chris was seen in possession of a large amount of methamphetamine at his residence and business.

The trial court concluded that the reference to "the past 72 hours" was a reference to when the affiant spoke to the confidential informant and not a reference to when the confidential informant witnessed Appellee in possession of the contraband. Based upon that finding, the trial court granted Appellee's motion to suppress evidence seized as a result of the execution of that search warrant. In an appeal brought by the State, the majority has found, and I agree, that the trial court did not abuse its discretion in granting Appellee's motion to suppress. While I concur in the result reached by the majority, I write separately because I interpret the State's second issue differently than the majority.

The majority construes the State's second issue as contending that the trial court erred because the "good faith" exception found in article 38.23(b) of the Texas Code of Criminal Procedure applies so as to exempt the contested evidence from exclusion. The majority then proceeds to overrule that issue by explaining why that exception does not apply to the situation where an officer's objective good faith reliance is based upon a

2

warrant that was not issued upon probable cause. While I agree with this conclusion, I construe the State's contention differently. I believe the State is contending that Appellee did not raise a article 38.23 objection, thereby waiving it, and that this Court should therefore apply a good faith exception to the application of the exclusionary rule for the technical violation of an accused's constitutional rights, both state and federal, where the evidence is obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate.

Neither the order granting Appellee's motion to suppress, nor the *Findings of Fact and Conclusions of Law* filed by the trial court, specify the basis upon which the evidence seized was suppressed. Furthermore, neither the *Brief for the Appellee* filed in this cause, nor the *Brief in Support of Defendant's Motion to Suppress Evidence*, ever mention article 38.23. The only reference Appellee makes to article 38.23 is contained in the *Motion to Suppress,* filed by his previous counsel, wherein he generally contends that the evidence was seized "in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 9, 10, and 19 of the Constitution of the State of Texas and under article 38.23 of the Texas Code of Criminal Procedure." To the extent that the trial court's basis for exclusion was anything other than article 38.23, I agree with the State's contention that the exclusionary rule should not apply to the facts of this case.

While the Fourth Amendment to the United States Constitution, and Article I, Section 9 of the Texas Constitution, both protect the right of the people to be secure in their persons, houses, and possessions, against unreasonable searches and seizures, neither contains a provision expressly precluding the use of evidence obtained in violation of their commands. The exclusionary rule we commonly apply is a judicially created rule "designed to safeguard Fourth Amendment rights generally through its deterrent effect." *Herring v. United States,* 555 U.S. ___, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009); *United States v. Calandra,* 414 U.S. 338, 348, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). The fact that a Fourth Amendment violation occurs does not necessarily mean that the exclusionary rule applies and in determining its applicability to a given set of facts the trial court must consider the objective reasonableness of not only the officers who originally obtain a warrant, but also the officers who eventually execute the warrant. *Herring,* 129 S.Ct. at 700; *United States v. Leon,* 468 U.S. 897, 923, n. 24, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

In *Herring,* the police arrested the accused based upon a warrant listed in their computer database. A search incident to that arrest yielded drugs and a gun. It was subsequently determined that the warrant had been recalled months earlier, though the warrant information had never been removed from that database due to the negligence of personnel in the reporting jurisdiction's sheriff's office. When Herring was indicted on federal gun and drug possession charges, he moved to suppress that evidence. The trial court concluded that the exclusionary rule did not apply and denied the motion to

4

suppress. In affirming the trial court's decision, the Supreme Court concluded that, although Herring's arrest was predicated upon an invalid warrant, the benefit of applying the exclusionary rule would be marginal or non-existent where the arresting officer was acting in objective good faith when he reasonably believed there to be an outstanding warrant. *Herring,* 129 S.Ct. at 704.

That same logic reasonably applies here. When officers executed the search warrant in question in this case, they reasonably believed that the warrant had been issued by a neutral magistrate in compliance with the provisions of article 18.01 of the Texas Code of Criminal Procedure. The police misconduct here, if any, was bad grammar, not a "systemic error or reckless disregard of constitutional requirements." *Id.* In cases such as this, the exclusionary rule should not automatically be applied.

While I do not read the State's second issue as narrowly as the majority, in the final analysis, the majority's conclusion is both correct and controlling. Although Appellee never advocated the exclusion of evidence on the basis of article 38.23 at trial or on appeal, it cannot be said that he waived the reference thereto in his motion to suppress. Because the majority correctly concludes that the evidence is excludable under article 38.23(b), and because an appellate court must affirm the decision of the trial court regarding a motion to suppress if that decision is reasonably supported by the record and is correct upon any theory of law applicable to the case, *Young v. State,* 283

S.W.3d 854, 873-74 (Tex.Crim.App. 2009), I concur in the result reached by the majority.

Patrick A. Pirtle
Justice

Publish.